UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

REGINALD S. HUTCHINS,

                                Plaintiff,

                  V.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.

**REPORT AND RECOMMENDATION**

08-CV-943
(TJM/VEB)

## I. INTRODUCTION

In November of 2005, Plaintiff Reginald Hutchins applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under the Social Security Act. Plaintiff alleges that he has been unable to work since November 18, 2005, due to left hip pain related to Legg-Calvé-Perthes syndrome, a degenerative disease of the hip joint. The Commissioner of Social Security denied Plaintiff's application.

Plaintiff, through his attorney, Anthony B. Lamb, Esq., commenced this action on September 5, 2008, by filing a Complaint in the United States District Court for the Northern District of New York. (Docket No. 1). Plaintiff seeks judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

On November 5, 2009, the Honorable Norman A. Mordue, Chief United States District Judge, referred this case to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 11).

## II. BACKGROUND

The relevant procedural history may be summarized as follows: Plaintiff applied for DIB and SSI benefits on November 21, 2005, alleging disability beginning on November 18, 2005. (T at 13, 63-70).[1] The applications were denied initially and upon reconsideration. (T at 13, 40-43, 53-55). Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (T at 13). On November 29, 2007, a video conference hearing was before ALJ Edward Hoban. (T at 236-77). Plaintiff, represented by counsel, appeared and testified from Burlington, Vermont and the ALJ presided over the hearing from Manchester, New Hampshire. (T at 13, 236). At the hearing, Plaintiff amended his alleged onset of disability date to November 9, 2007. (T at 13). On February 29, 2008, ALJ Hoban issued a decision denying the applications for benefits. (T at 10-21). Plaintiff filed a request for review of that decision. The ALJ's decision became the Commissioner's final decision on July 10, 2008, when the Appeals Council denied Plaintiff's request. (T at 6-9).

Plaintiff, through counsel, commenced this action on September 5, 2008. (Docket No. 1). Plaintiff filed a supporting Brief on March 6, 2009. (Docket No. 6). The Commissioner filed a Brief in opposition on May 7, 2009. (Docket No. 9).

Pursuant to General Order No. 18, issued by the Chief District Judge of the Northern District of New York on September 12, 2003, this Court will proceed as if both parties had accompanied their briefs with a motion for judgment on the pleadings.[2]

For the reasons that follow, it is respectfully recommended that the Commissioner's

---

[1] Citations to "T" refer to the Administrative Transcript. (Docket No. 4).

[2] General Order No. 18 provides, in pertinent part, that "[t]he Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings."

decision be affirmed.

### III. DISCUSSION

**A.      Legal Standard**

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir.1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir.1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir.1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir.1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir.1982).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado

v. Sullivan, 805 F.Supp. 147, 153 (S.D.N.Y.1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir.1984).

The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 416.920, 404.1520. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.[3]

---

[3]This five-step process is detailed as follows:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.

If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.

If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.

If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.

Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.

Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir.1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir.1999); 20 C.F.R. §§ 416.920, 404.1520.

While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n. 5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir.1984).

The final step of the inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. §§ 416.920(g); 404.1520(g); Heckler v. Campbell, 461 U.S. 458, 460, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983).

**B.    Analysis**

    **1.    Commissioner's Decision**

The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through at least December 31, 2011. (T at 15).  The ALJ also found that Plaintiff had not engaged in substantial gainful activity since his alleged onset of disability, November 9, 2007. (T at 15).  The ALJ determined that Plaintiff had the following impairments considered "severe" under the Act: left hip disorder and degenerative disc disease of the lumbar spine. (T at 15).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments found in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). (T at 16).  The ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform "a range of light work." (T at 17).

Specifically, the ALJ found that Plaintiff can lift/carry twenty (20) pounds occasionally and ten (10) pounds frequently, stand/walk three (3) to four (4) hours in an eight (8) hour work day, and sit for six (6) hours in an eight (8) hour workday. (T ay 17). The ALJ found that Plaintiff must be able to alternate from sitting to standing for a brief stretch every 30 to 60 minutes. (T at 17). The ALJ determined that Plaintiff can push/pull with his left leg on an occasional basis to "perform occasional postural activities." (T at 17). The ALJ found that Plaintiff must avoid prolonged exposure to vibration. (T at 17).

The ALJ noted that Plaintiff, born August 8, 1966, was a "younger individual" as defined in 20 C.F.R. § 404.1563. (T at 20). The ALJ found that Plaintiff cannot perform his past relevant work as a construction laborer, warehouse worker, cleaner, or retail stocker. (T at 20). However, the ALJ determined that, given Plaintiff's age, education (high school), work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 20). Accordingly, the ALJ found that Plaintiff has not been under a disability, as defined under the Act at any time relevant to the ALJ's decision. (T at 21).

As noted above, the ALJ's decision became the Commissioner's final decision on July 10, 2008 , when the Appeals Council denied Plaintiff's request for review. (T at 6-9).

### 2. Plaintiff's Claims

Plaintiff contends that the Commissioner's decision should be reversed. Plaintiff offers two (2) principal arguments in support of his position. First, he asserts that the Commissioner erred by failing to evaluate evidence of Plaintiff's hand impairment. Second, Plaintiff contends that the ALJ did not properly evaluate his credibility. This Court will address each argument in turn.

### a. Hand Impairment

Plaintiff contends that the ALJ did not properly consider evidence concerning his hand impairments. Plaintiff points to records indicating that he experienced "locking of fingers" and "bilateral 4th trigger fingers." (T at 175). Plaintiff also noted that the State Agency review physician indicated that Plaintiff was limited in his ability to push/pull in his upper extremities. (T at 174). Plaintiff testified that he has difficulty handling "[s]mall things" like bolts and nuts. (T at 254). He also indicated that "once in awhile" he experiences locked fingers "because of the arthritis." (T at 254).

Contrary to Plaintiff's suggestion, the ALJ did discuss the hand impairment in his decision. To wit, the ALJ noted evidence of trigger fingers, but found that the impairment did not significantly limit Plaintiff's ability to perform basic work-related tasks. As such, the ALJ determined that Plaintiff's hand impairment was not a "severe" impairment. (T at 16). This Court finds that the ALJ's assessment was supported by substantial evidence.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. See 20 C.F.R. §§ 404.1520(c), 416.920(c). The following are examples of "basic work activities": "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling ... seeing, hearing, and speaking ... [u]nderstanding, carrying out, and remembering simple instructions ... [u]se of judgment ... [r]esponding appropriately to supervision, co-workers and usual work situations." Gibbs v. Astrue, No. 07-Civ-10563, 2008 WL 2627714, at *16 (S.D.N.Y. July 2, 2008); 20 C.F.R. § 404.1521(b)(l)-(5).

The claimant bears the burden of presenting evidence establishing severity. Miller

v. Comm'r of Social Sec., No. 05-CV-1371, 2008 WL 2783418, at *6-7 (N.D.N.Y. July 16, 2008); see also 20 C.F.R. § 404.1512(a). Although the Second Circuit has held that this step is limited to "screen[ing] out de minimis claims," Dixon v. Shalala, 54 F.3d 1019, 1030 (2d Cir.1995), the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." Coleman v. Shalala, 895 F.Supp. 50, 53 (S.D.N.Y.1995). Indeed, a "finding of 'not severe' should be made if the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect on an individual's ability to work.'" Rosario v. Apfel, No. 97-CV-5759, 1999 WL 294727 at *5 (E.D.N.Y. March 19,1999) (quoting Bowen v. Yuckert, 482 U.S. 137, 154 n. 12 (1987)).

In this case, a report from Dr. Robert M. Zelazo indicated that Plaintiff "appears to have a trigger finger of the right hand involving the index finger." (T at 197). However, the problem was noted to occur "intermittently" and it did not "seem to be a major problem." (T at 197). Plaintiff testified that the problem occurs only "once in a while" and acknowledged that he never sought treatment for the condition. (T at 254-55). Except for occasional problems "dropping stuff," the hand impairment did not cause Plaintiff problems at his job. (T at 255).

When asked to complete a Function Report, Plaintiff indicated that he was able to perform a wide variety of daily activities involving the use of his hands, including preparing meals, mopping, sweeping, laundry, and vacuuming. (T at 100). Plaintiff also indicated that he was able to operate a motor vehicle. (T at 101).

In light of the foregoing, this Court finds that substantial evidence supports the ALJ's conclusion that Plaintiff's hand abnormality would have no more than a minimal effect on

8

his ability to work.

### b. Credibility Determination

Plaintiff argues that the ALJ improperly discounted the credibility of his testimony concerning his limitations. Plaintiff testified that he experiences leg numbness and worsening pain in his hip. (T at 242-43). He indicated that he feels pain after approximately one hour of sitting, could probably only sit for an hour or an hour and a half, and has difficulty walking.(T at 244, 250, 259). Plaintiff testified that he tripped often at his prior job, due to difficulties picking up his leg. (T at 245). He explained that he cannot bend or twist and has difficulty manipulating small objects. (T at 247, 255-56).

The ALJ considered Plaintiff's testimony and the medical evidence and concluded that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms." (T at 18). However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limited effects of these symptoms [was] not entirely credible." (T at 18). This Court finds that substantial evidence supports the ALJ's assessment.

Courts in the Second Circuit have determined pain is an important element in DIB and SSI claims, and pain evidence must be thoroughly considered. See Ber v. Celebrezze, 333 F.2d 923 (2d Cir.1994). Further, if an ALJ rejects a claimant's testimony of pain and limitations, he or she must be explicit in the reasons for rejecting the testimony. See Brandon v. Bowen, 666 F.Supp. 604, 609 (S.D.N.Y.1997).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged.

See 42 U.S.C. §§ 423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. §§ 404.1529(b), 416.929; SSR 96-7p; Gernavage v. Shalala, 882 F.Supp. 1413, 1419 (S.D.N.Y.1995).

"An administrative law judge may properly reject claims of severe, disabling pain after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons with sufficient specificity to enable us to decide whether the determination is supported by substantial evidence." Lewis v. Apfel, 62 F.Supp.2d 648, 651 (N.D.N.Y.1999) (internal citations omitted).

To this end, the ALJ must follow a two-step process to evaluate the plaintiff's contention of pain, set forth in SSR 96-7p:

> First, the adjudicator must consider whether there is an underlying medically determinable physical or medical impairment (s) ... that could reasonably be expected to produce the individual's pain or other symptoms ....
>
> Second, ... the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities ....

According to 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii) and 416.929(c)(3)(i)-(vii), if the plaintiff's pain contentions are not supported by objective medical evidence, the ALJ must consider the following factors in order to make a determination regarding the plaintiff's credibility:

1. [Plaintiff's] daily activities;
2. The location, duration, frequency and intensity of [Plaintiff's] pain or other symptoms;
3. Precipitating and aggravating factors;
4. The type, dosage, effectiveness, and side effects of any medication [Plaintiff] take[s] or ha[s] taken to alleviate ... pain or other symptoms;
5. Treatment, other than medication [Plaintiff] receive[s] or ha[s] received for relief of ... pain or other symptoms;
6. Any measure [Plaintiff] use[s] or ha[s] used to relieve ... pain or other symptoms;
7. Other factors concerning [Plaintiff's] functional limitations and restrictions due

to pain or other symptoms.

If the ALJ finds that the plaintiff's pain contentions are not credible, he or she must state his reasons "explicitly and with sufficient specificity to enable the Court to decide whether there are legitimate reasons for the ALJ's disbelief." Young v. Astrue, No. 7:05-CV-1027, 2008 WL 4518992, at *11 (N.D.N.Y. Sept. 30, 2008) (quoting Brandon v. Bowen, 666 F.Supp 604, 608 (S.D.N.Y.1987)).

In this case, the ALJ considered Plaintiff's claims and accepted, in part, Plaintiff's testimony concerning his difficulty sitting for extended periods. To that end, the ALJ's residual functional capacity assessment included a determination that Plaintiff needs to alternate from sitting to standing for a brief period every thirty (30) to sixty (60) minutes. (T at 17).

The ALJ noted that the medical records documented a history of treatment for left hip pain following a 2003 accident. (T at 211-213). However, a medical note from August 2006 indicated that Plaintiff was able to drive a pallet at work despite his hip problems and wanted a note to clear him for work, which Dr. Robert Zelezo provided. (T at 183). Although the possibility of hip replacement surgery was discussed, the treatment protocol was "conservative." (T at 211). Although Plaintiff treated with anti-inflammatory medications, the ALJ noted that he had not been given prescription pain medication. (T at 18). Further, the ALJ indicated that Plaintiff's activities of daily living (*e.g.* preparing meals, mopping, doing laundry, shopping, driving, sweeping) were inconsistent with the testimony concerning disabling pain. (T at 19).

Additional support for the ALJ's assessment is found in the determination of the State Agency review consultant, who reviewed the medical evidence and concluded that

Plaintiff could occasionally lift/carry up to 20 pounds, frequently lift/carry up to 10 pounds, stand/walk for at least 2 hours in an 8-hour workday, and sit for about 6 hours in an 8-hour workday with breaks and alternating sitting/standing. (T at 173-75).

It is well settled that an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability. See 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(f)(2), 416.912(b)(6), 416.913(c), and 416.927(f)(2); see also Leach ex. Rel. Murray v. Barnhart, No. 02 Civ. 3561, 2004 WL 99935, at 9 (S.D.N.Y. Jan.22, 2004) ("State agency physicians are qualified as experts in the evaluation of medical issues in disability claims. As such, their opinions may constitute substantial evidence if they are consistent with the record as a whole.").

A report from May 2006 prepared by Suzanne Brown, P.A.C., indicated that Plaintiff had a long lapse of treatment. (T at 215). After conducting an examination, Ms. Brown suggested that Plaintiff return to work and explore job re-training. (T at 215).

"It is the function of the [Commissioner], not [reviewing courts], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." Carroll v. Secretary of Health and Human Servs., 705 F.2d 638, 642 (2d Cir.1983) (citations omitted). If there is substantial evidence in the record to support the Commissioner's findings, "the court must uphold the ALJ's decision to discount a claimant's subjective complaints of pain." Aponte v. Sec'y, Dep't of Health & Human Servs, 728 F.2d 588, 591 (2d Cir.1984) (citations omitted). Further, the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, which thus entitles the ALJ's credibility assessment to deference. See Tejada v. Apfel, 167 F.3d 770, 776 (2d Cir.1999) (citing

Pascariello v. Heckler, 621 F.Supp. 1032, 1036 (S.D.N.Y.1985)); see also Snell v. Apfel, 177 F.3d 128, 135 (2d Cir.1999).

The Court finds that the ALJ exercised his discretion to evaluate the credibility of Plaintiff's testimony and rendered an independent judgment regarding the extent of Plaintiff's subjective complaints based on the objective medical and other evidence. See e.g. Mimms v. Sec'y of Health and Human Servs., 750 F.2d 180, 196 (2d Cir.1984). The ALJ's decision should therefore be upheld.

## IV. CONCLUSION

After carefully examining the administrative record and considering the arguments of counsel, this Court finds substantial evidence supports the ALJ's decision, including the objective medical evidence and supported medical opinions. It is clear to the Court that the ALJ thoroughly examined the record, afforded appropriate weight to all the medical evidence, including Plaintiff's treating sources, and afforded Plaintiff's subjective claims of pain and other limitations an appropriate weight when rendering his decision that Plaintiff is not disabled. The Court finds no reversible error. Because this Court further finds that substantial evidence supports the ALJ's decision, it is respectfully recommended that Defendant's Motion for Judgment on the Pleadings be GRANTED, that Plaintiff's Motion for Judgment on the Pleadings be DENIED, and that the decision of the Commissioner be affirmed.

Respectfully submitted,

_____
Victor E. Bianchini
United States Magistrate Judge

Dated:   February 4 , 2010

    Syracuse, New York

### V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir.

1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material *which could have been, but were not*, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

February 4, 2010

_____
Victor E. Bianchini
United States Magistrate Judge